REQUESTED BY: Senator Tom Vickers Nebraska State Legislature 1017 State Capitol Lincoln, Nebraska 68509
Dear Senator Vickers:
This is in response to your letter of December 16, 1982, wherein you state that you are seriously contemplating the introduction of legislation which would regulate interstate pipelines.
You have asked whether the Legislature could, consistent with the federal Constitution Interstate Commerce Clause, give Natural Resource Districts (NRDs) authority to monitor soil erosion activities of an interstate pipeline in order to assure compliance with federally imposed soil erosion standards; and whether the Legislature could delegate to the NRDs authority to establish minimum standards for soil erosion prevention which would apply to interstate pipelines.
We conclude that regulation of interstate pipelines which carry natural gas, oil (under most circumstances), and commodities has been pre-empted by Congress, so that any state law which conflicts with the federal law governing regulation of the aforesaid substances must give way to the federal law by virtue of the Supremacy Clause, United States Constitution, Article VI.
The Interstate Commerce Act was amended by the Hepburn Act of 1906, and applies to regulate common carriers engaged in the transportation of oil or other commodities. 49 U.S.C.A., § 1(1)(b), § 1(3)(a).
The intent of the Act was to prevent carriers of interstate oil from dictating payment of excessive rates before they would accept oil from sellers for transportation.United States v. Ohio Oil Company, 34 S.Ct. 956, 234 U.S. 548,58 L.Ed. 1459 (1913). But, in keeping with the intent stated, it has been held that a company transporting oil interstate from its own wells is not within the Act or jurisdiction of the Interstate Commerce Commission. UnitedStates v. Ohio Oil Company, supra. Consequently, under circumstances where interstate oil only is being transported from the pipeline company's oil field, there would appear to be little question that the state may regulate the pipeline transporting that oil.
Nevertheless, and with regard to all other oil transported by interstate pipelines, it has been held that the field of interstate commerce has been pre-empted by Congress, and legislation arising therefrom in that regard is that supreme law of the land. Valvoline Oil Company v.United States, 60 S.Ct. 160, 308 U.S. 141, 84 L.Ed. 151
(Penn. 1939). And, in reviewing 49 U.S.C.A. § 1 et seq., we note that the federal regulatory scheme contained therein is relatively complete, which would indicate an intent by the federal government, as pointed out by the Valvoline case, to pre-empt regulation of interstate transportation of oil, other than oil originating at the pipeline company's own field.
With regard to interstate gas pipelines, the construction, installation, maintenance, and operation of the line is subject to the provisions of the Natural Gas Pipeline Safety Act (NGPSA) of 1968 (49 U.S.C. § 1671 et seq.). The provisions and legislative history of the NGPSA `indicate quite clearly that federal legislation has pre-empted the entire field of gas pipeline safety,' which would include aspects of construction in the interest of `uniformity of regulation.' Northern Border Pipeline Company v. JacksonCounty, 512 F. Supp. 1261 (1981).
Even though a law which you might introduce in Nebraska would be drafted in terms of natural resource protection, such fact would still not be sufficient to remove the subject matter of the law from the pre-empted field of interstate commerce because the issue of whether federal legislation pre-empts state and local regulation `rests on the effect rather than the stated purposes of the legislation.'Northern Border Pipeline Company v. JacksonCounty, Id., 1265. To be more specific,
 When Congress has unmistakably ordained that its enactments alone are to regulate a part of commerce, state laws regulating that aspect of commerce must fall. This result is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose.
Florida Lime and Avocado Growers Inc. v. Paul, 373 U.S. 132,142, 10 L.Ed. 2d 248, 83 S.Ct. 1210 (1963); City ofBurbank v. Lockheed Air Terminal, Inc., 411 U.S. 624,36 L.Ed.2d 547, 93 S.Ct. 1854 (1973); Rice v. Santa Fe ElevatorCorporation, 331 U.S. at 230, 91 L.Ed. 1447,67 S.Ct. 1146.
Very truly yours, PAUL L. DOUGLAS Attorney General Frank J. Hutfless Assistant Attorney General